UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 06-63-HRW

NOLA ADKINS BOWLING,                                      PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on December 15, 2003, alleging disability

beginning on December 31, 2000, due to sleep apnea, diabetes and obesity.[1]  This application was denied initially and on reconsideration.

On March 17, 2005, an administrative hearing was conducted by Administrative Law Judge James Quinlivan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 231-248).  At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 254-260), as did Plaintiff's mother, Martha Cox (Tr. 249-253).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

---

[1] Plaintiff previously filed an application for disability insurance benefits and supplemental security income benefits on July 1, 2002.  This claim was denied on July 19, 2002.  Plaintiff did not appeal that decision.

> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 12, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 13-23).

Plaintiff was 25 years old at the time of the hearing decision. She has a high school education and two years of college. Her past relevant work experience consists of work as a sewing machine operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 22).

The ALJ then determined, at Step 2, that Plaintiff suffered from morbid obesity, back, neck and shoulder pain, knee joint pain, shortness of breath, sleep apnea, non-insulin dependent diabetes mellitus and near sightedness, which he found to be "severe" within the meaning of the Regulations (Tr. 15-16, 22).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22). In doing so, the ALJ specifically considered listings 1.00, 1.04, 2.00. 2.02, 3.00, 4.00, 4.03 and 9.00 (Tr.

17-18).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 22) but determined that she has the residual functional capacity ("RFC") to perform a significant range of light work. Relying upon the testimony of the VE, the ALJ concluded that these jobs exist in significant numbers in the national and regional economies.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 22, 2006 (Tr. 4-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 13] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    Plaintiff contends that the ALJ's hypothetical to the VE was flawed because it did not incorporate the opinion of his treating pulmonologist, Dr. Asif Muhammad.

    The Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted). In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well

5

supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).

In a "[t]o whom it may concern" letter dated September 16, 2002, Dr. Muhammad opined that Plaintiff is "currently not able to perform daytime activities because of her body habitus and excessive sleepiness from untreated sleep apnea" (Tr. 223). The ALJ rejected this conclusion for three reasons (Tr. 20). First, the ALJ correctly noted that it is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). Second, the ALJ observed that Dr. Muhammad did not submit clinical evidence or treatment notes in support of his letter. Finally, the ALJ noted that Plaintiff had not complained of excessive sleepiness to a treating source since August 2001 (Tr. 20). Indeed, the record shows that in October 2001, Plaintiff denied symptoms of disabling daytime fatigue. In a treatment report dated October 8, 2001, Dr. Lorie Cabreros noted, "[a]ccording to the patient, she does not really have that much symptoms of daytime sleepiness or daytime fatigue" (Tr. 147). Plaintiff acknowledged prior problems with daytime sleepiness "about a year or so ago", but Dr. Cabreros noted that with a proper blood sugar treatment regimen "she has

not had any further episodes of fatigue as well as daytime sleepiness" (Tr. 147). In fact, Plaintiff told Dr. Cabreros that she sleeps about eight hours per night and "wakes up feeling refreshed" (Tr. 147).

Given the lack of supporting clinical data and the inconsistency with other credible medical evidence of record, the Court finds that the ALJ did not err in discounting the opinion of dr. Muhammad.

With regard to the ALJ's hypothetical to the VE, it is well established that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. The record is devoid of credible medical evidence suggesting functional limitations beyond those found by the ALJ. Given the objective medical evidence in the record, the hypothetical was factually supported by the evidence of record and, thus, the response thereto constitutes substantial evidence in support of the ALJ's decision.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 16, 2007.

Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge